RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 3/7/14

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JASON B. BRYDELS,<br>  Petitioner | CIVIL ACTION<br>SECTION "P"<br>NO. 1:13-CV-00094 |
| VERSUS | |
| WARDEN, LOUISIANA STATE<br>PENITENTIARY,<br>  Respondent | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a verified petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by pro se petitioner Jason B. Brydels ("Brydels") on November 11, 2013 (Doc. 1). Brydels is contesting his 2002 conviction and sentence on one count of aggravated rape by a judge in the Louisiana Ninth Judicial District Court in Rapides Parish, for which he was sentenced to life imprisonment without benefit of probation, parole or suspension of sentence (Doc. 1). Brydels is presently confined in the Louisiana State Penitentiary in Angola, Louisiana.

Brydels raises the following grounds for relief in his habeas petition:

> 1. The trial judge violated Brydels' Sixth Amendment right to a jury trial by not assuring that his waiver was voluntarily entered.
>
> 2. Brydels' trial counsel's abandonment of his defense and his failure to investigate, obtain and present evidence of Brydels' prior mental health history, constitutes ineffective assistance of counsel.

The Respondent answered the petition and admitted that Brydels has exhausted his state court remedies (Doc. 14). Brydels' petition is now before the court for disposition.

## Rule 8(a) Resolution

This court is able to resolve the merits of this habeas corpus petition without the necessity of an evidentiary hearing because there is no genuine issue of material fact that is relevant to the petitioner's claims, and the State court records provide the required and adequate factual basis necessary to the resolution of the habeas corpus petition. Moya v. Estelle, 696 F.2d 329, 332-33 (5th Cir. 1983); Easter v. Estelle, 609 F.2d 756, 761 (5th Cir. 1980); Habeas Corpus Rule 8(a).

## Facts

The facts of this case as set forth by the Louisiana Third Circuit Court of Appeal (Tr. p. 291), are as follows:

> "J.B.B. was indicted with four counts of aggravated rape of a child under the age of twelve in violation of La.R.S. 14:42. The indictment asserted that the rapes were committed between August 1, 2000 and March 10, 2001. Defendant waived his right to trial by jury, and a trial on the merits was held. At trial, the State introduced evidence showing that Defendant anally raped his ten-year-old nephew while the boy was spending the night with him. The child reported anal penetration, and a medical examination of the child corroborated the sodomy. Medical evidence established that the child's sphincter muscles were unusually lax and caused anal gaping, such that the sphincter muscles were no longer capable fo closing completely.
>
> "The trial court found Defendant guilty of one count of aggravated rape and not guilty of the remaining three counts. The trial court believed the child's testimony

was 'truthful, believable, and unwavering. The court listened very carefully for any hesitations, any waverings[,] or any retractions, and there were none.' The trial court found that the medical evidence corroborated the child's story and observed, 'What makes this case even more concerning is the mental damage that [the victim] will have to live with and the damage to all family members concerned.' Defendant was sentenced to life imprisonment without benefit of probation, parole, or suspension of sentence."

Standard of Review

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall be considered only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a).

Under 28 U.S.C. § 2254 and AEDPA, which is applicable to habeas petitions filed after its effective date on April 24, 1996, habeas relief is not available to a state prisoner with respect to a claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim (1) resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an *unreasonable determination* of the facts in light of the evidence presented in the State Court proceeding. Therefore, pure questions of law and mixed questions of law and fact are reviewed under Section 2254 (d)(1), and questions of fact are reviewed under Section 2254(d)(2). Martin v.

Cain, 246 F.3d 471, 475-76 (5th Cir. 2001), cert. den., 534 U.S. 885, 122 S.Ct. 194 (2001), and cases cited therein.

A state court decision is "contrary to" clearly established Supreme Court precedent if the state court applies a rule that contradicts the governing law set forth in Supreme Court cases, or confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. A state court decision falls within the "unreasonable application" clause when it unreasonably applies Supreme Court precedent to the facts. Martin, 246 F.3d at 476, and cases cited therein.

A federal habeas court making the unreasonable application inquiry should ask whether the state court's application of clearly established federal law was objectively reasonable. A federal court cannot grant habeas relief simply by concluding that the state court decision applied clearly established federal law erroneously; the court must conclude that such application was also unreasonable. Martin, 246 F.3d at 476, and cases cited therein.

Law and Analysis

Issue 1 - Waiver of Jury Trial

First, Brydels contends the trial judge violated his Sixth Amendment right to a jury trial by not assuring that his waiver was voluntarily entered.

1.

First, Brydels contends he has the mind of a child less than twelve years of age, which his counsel was aware of, so he could not knowingly and intelligently waive his right to a jury trial.

A petitioner in a habeas proceeding claiming that he was incompetent at the time of trial must first come forward with "meaningful evidence" of mental incompetence. See Demosthenes v. Baal, 495 U.S. 731, 736, 110 S.Ct. 2223, 2226 (1990); Whitmore v. Arkansas, 495 U.S. 149, 166, 110 S.Ct. 1717, 1728 (1990). To obtain habeas relief, he must present facts sufficient to positively, unequivocally and clearly generate a real, substantial and legitimate doubt as to his mental competence. Dunn v. Johnson, 162 F.3d 302 (5th Cir. 1998), cert. denied, 526 U.S. 1092, 119 S.Ct. 1507 (1999). A habeas petitioner's burden to demonstrate incompetence at the time of trial is extremely heavy. Such proof should be clear and convincing. Johnson v. Estelle, 704 F.2d 232, 238 (5th Cir. 1983), cert. den., 465 U.S. 1009, 104 S.Ct. 1006 (1984), and cases cited therein. Brydels has not adduced any evidence, such as mental health records, school records or affidavits, to prove he was not competent to voluntarily and intelligently waive his right to a jury trial.

Under federal law, a defendant may waive his right to a jury trial, provided that he does so voluntarily, knowingly, and intelligently. Pierre v. Leger, 495 Fed.Appx. 403, 406 (5th Cir.

5

2012), cert. den., __U.S.__, 133 S.Ct. 1598 (2013), citing <u>Brady v. U.S.</u>, 397 U.S. 742, 748, 90 S.Ct. 1463 (1970). Whether or not there is an intelligent, competent, self-protecting waiver of jury trial by an accused must depend upon the unique circumstances of each case. <u>Pierre</u>, 495 Fed.Appx. at 406, citing <u>Adams v. United States ex rel. McCann</u>, 317 U.S. 269, 277-278, 63 S.Ct. 236, 241 (1942). See also, <u>State v. Bazile</u>, 12-2243, pp. 17-19 (La.5/7/13), __So.3d__, 2013 WL 1880395.

Second, Brydels contends the judge did not ask specifically what Brydels and his counsel discussed, there is no indication in the record that Brydels was aware of or advised of the jury's function in the case, or there is no indication that Brydels' waiver was voluntary, knowing and intelligent based on competent advice.

Trial by jury is fundamental to the American system of criminal justice and the Sixth Amendment's guarantee of the right to trial by jury is applicable to the states under the Fourteenth Amendment. <u>Duncan v. Louisiana</u>, 391 U.S. 145, 149, 88 S.Ct. 1444, 1447 (1968). A defendant may waive his right to a jury trial and instead be tried by the court. <u>Patton v. United States</u>, 281 U.S. 276, 298, 50 S.Ct. 253, 258 (1930). Whether or not there is an intelligent, competent, self-protecting waiver of jury trial by an accused must depend upon the unique circumstances of each case. <u>Adams v. United States ex rel. McCann</u>, 317 U.S. 269, 278, 63 S.Ct.

236, 241 (1942). A criminal defendant's jury waiver is deemed knowing and intelligent when he understands that the choice confronting him is, on the one hand, to be judged by a group of people from the community, and on the other hand, to have his guilt or innocence determined by a judge. Bazile, 2013 21 1990395, *9, citing United States ex rel. Williams v. DeRobertis, 715 F.2d 1174, 1180 (7th Cir. 1983).

At his waiver hearing, Brydels affirmed to the trial judge that his attorney had discussed his right to a jury trial with him, that he wanted to have a trial, that he wanted the judge to try his case, and that he understood the seriousness of the charge against him and the fact that he faced the possibility of life imprisonment (Tr. pp. 50-52). The trial judge further advised Brydels that he needed to consider whatever other option the District Attorney had offered him (which would expire at the end of that day), and that the trial would start within the week (Tr. pp. 50-52).

Brydels complains that he only nodded his head when the trial judge asked him whether he wanted to be tried by the judge, but the certified transcript of the hearing (Tr. p. 50) shows Brydels vocalized his understanding:

> THE COURT: All right. Also, you're asking that upon getting your day in court that you would like for me to try the case as opposed to a jury. Is that correct?
>
> BY DEFENDANT: If you want.
>
> THE COURT: Okay, well, I'm just -

BY DEFENDANT: Yes, Sir.

It is clear that Brydels told the judge that he wanted to be tried by a judge rather than by a jury, and did not merely nod his head in agreement.[1] The state appellate court likewise found that, after the trial court "clearly informed Defendant of his right to trial by jury," Brydels "both personally and through his attorney stated that he desired a bench trial instead" (Tr. p. 294).

As stated in Scott v. Cain, 364 Fed.Appx. 850, **5 (5th Cir.), cert. den., __U.S.__, 130 S.Ct. 3519 (2010), the minimum factual threshold for a knowing and intelligent personal waiver of the right to a jury trial is an open question when a defendant voices his preference for a bench trial in person.  Thus, pursuant to AEDPA, the federal habeas court cannot say that the state court's decision was an objectively unreasonable application of clearly established federal law.  See also, Pierre v. Leger, 495 F.3d 403 (5th Cir. 2012).

Since Brydels has not carried his burden of proving that he did not knowingly and intelligently waive his right to a jury trial, this ground for habeas relief is meritless.

Issue 2 - Ineffective Assistance of Counsel

Next, Brydels contends his trial counsel's abandonment of his defense and his failure to investigate, obtain and present evidence

---

[1] The "nod" Brydels refers to was later in the hearing, when the judge explained the seriousness of the charge and maximum possible sentence to Brydels (Tr. p. 51).

of Brydels' mental incompetence, constitutes ineffective assistance of counsel.

### 1. Respondent's Procedural Bar Claim

The Respondent points out that the trial and appellate courts held this claim was procedurally barred[2] because Brydels failed to raise it on direct appeal (Tr. pp. 436), and that the Supreme Court affirmed the conviction without giving reasons. However, the Louisiana Third Circuit Court of Appeal considered the merits of Brydels' ineffective assistance of counsel claim, finding the trial court had erred (Tr. p. 448). The Court of Appeal did not find the claim was procedurally barred, as the trial court did, but instead stated that Brydels had "failed to meet his burden of proving that relief should be granted for his... claim of ineffective assistance of counsel" (Tr. p. 448). See La.C.Cr.P. art. 930.2." The Louisiana Supreme Court denied Brydels' writ application without an opinion (Tr. p. 478).

In habeas, if the decision of the last state court to which the petitioner presented his federal claims fairly appeared to rest primarily on resolution of those claims, or to be interwoven with

---

[2] Federal habeas review is barred in all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claims will result in a fundamental miscarriage of justice. Lott V. Hargett, 80 F.3d 161, 164 (5th Cir. 1996). Also, Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546 (1991).

those claims, and did not clearly and expressly rely on an independent and adequate state ground, a federal court may address the petition. <u>Coleman</u>, 501 U.S. at 735 n. 1, 111 S.Ct. at 2557 n.1, citing <u>Harris v. Reed</u>, 489 U.S. 255, 269-270, 109 S.Ct. 1038, 1046-1047 (1989).

Since the Court of Appeal appears to have consider the merits of Brydels' ineffective assistance of counsel claims and did not clearly and expressly rely on the ground that Brydels had not presented those claims on direct appeal, and the Supreme Court denied writs without an opinion,[3] this court may address Brydels' ineffective assistance of counsel claims.

In the alternative, even if it is assumed that all three Louisiana courts found Brydels' ineffective assistance of counsel claim to be procedurally barred for failure to raise is on direct appeal, this court should address Brydels' claim because the state courts erred as a matter of law in holding it was procedurally barred.

The trial court erred as a matter of law in holding that Brydels' ineffective assistance of counsel claims on post-conviction relief were procedurally barred (Tr. p. 437). The law

---

[3] Compare <u>Lott v. Hargett</u>, 80 F.3d 161, 164 (5th Cir. 1996)("Where the last reasoned state court opinion on a federal claim explicitly imposes a procedural default, there is a presumption that a later decision rejecting the same claim without opinion did not disregard the procedural bar and consider the merits.").

is clear that, in Louisiana, although ineffective assistance of counsel claims may be addressed on direct appeal if the record contains enough evidence on which to do so, such claims are more appropriately brought on post-conviction relief because the trial court then has the opportunity to hold an evidentiary hearing on the issue. See State v. Deruise, 98-0541 (La. 4/3/01), 802 So.2d 1224, 1248, cert. denied, 534 U.S. 926, 122 S.Ct. 283 (2001)("[I]neffective assistance of counsel claims are usually addressed in post-conviction proceedings, rather than on direct appeal. ...We have, however, addressed such claims on direct review if the evidence needed to decide the issue may be found in the record."); State v. Brumfield, 96-2667 (La. 10/28/98), 737 So.2d 660, 668, cert. den., 526 U.S. 1025, 119 S.Ct. 1267 (1999)("A claim of ineffective assistance of counsel generally is more properly raised in an application for post-conviction relief than on appeal. In post-conviction proceedings, the district judge can conduct a full evidentiary hearing on the matter.  However, when the record contains evidence sufficient to decide the issue, the appellate court may consider the issue in the interests of judicial economy.")

Since Brydels contends his trial counsel erred in failing to investigate and abandoning his mental illness defense, and the Respondent concedes in brief that there is no evidence in the state court record on that issue, the state court record was clearly not

11

adequately developed to address the issue on direct appeal. Therefore, the state courts erred as a matter of law in failing to address Brydels' ineffective assistance of counsel claims on the merits on post-conviction relief and those claims are not procedurally barred.

### 2. Ineffective Assistance of Counsel

Brydels contends his attorney erred in abandoning his insanity defense, which would have proven Brydels lacked the understanding and specific intent to sexually assault a child, and in failing to investigate Brydels' mental competence to understand the proceedings against him and to assist in his defense. Brydels contends in his brief that he has been diagnosed with major depression with psychotic features that prevented him from knowing right from wrong, he has been hospitalized for mental health treatment, and he is on medications.

To prevail on a habeas complaint of ineffective assistance of counsel a complainant must meet the two-pronged test set forth by the Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052 (1984): (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense. A defendant is prejudiced if there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different. To make that determination the court must examine the proceedings as a whole, giving due consideration

to the weight of the evidence supporting the verdict and evaluating the alleged failings of counsel in that total setting.  The court does not assess any alleged error in isolation.  In an examination of state proceedings under 28 U.S.C. § 2254 the court will not reject an adjudication on the merits unless the action by the state court is found to be contrary to, or an unreasonable application of, clearly established federal law, or the state court's determination of the facts is manifestly unreasonable in light of the evidence.  <u>Jones v. Cain</u>, 227 F.3d 228, 230 (5th Cir. 2000), and cases cited therein.  In a habeas proceeding alleging ineffective assistance of counsel, the petitioner has the burden of proof.  <u>U.S. v. Chavez</u>, 193 F.3d 375, 378 (5th Cir. 1999), citing <u>Clark v. Collins</u>, 19 F.3d 959, 964 (5th Cir.), cert. den., 513 U.S. 966, 115 S.Ct. 432 (1994).

Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.  <u>Nelson v. Hargett</u>, 989 F.2d 847, 850 (5th Cir. 1993), citing <u>Strickland v. Washington</u>, 466 U.S. 668, 691, 104 S.Ct. 1052, 2066 (1984).  However, bare allegations do not suffice.  A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial.  <u>Nelson</u>, 989 F.2d at 850, citing <u>United States v. Green</u>, 882 F.2d 999, 1003 (5th Cir. 1989).

13

In the case at bar, Brydels contends that, had his attorney investigated his mental health history, Brydels could have asserted a defense of insanity, as well as showing he was not capable of assisting in his own defense at trial. However, Brydels has not adduced any meaningful evidence to support his claim that he was not mentally competent to stand trial, to assist in his defense, to waive his rights, or to understand right from wrong. **School records, mental health treatment records, prison mental health or medical records, or affidavits from medical professionals and laypersons** could support such a claim and indicate his attorney should have investigated further. However, Byrdels has not submitted any such evidence to this court and relies only on his bare allegations.

Since there is no evidence to support Brydels' claim that he was (and is) mentally incompetent and that his attorney failed to adequately investigate and present an insanity defense, Brydels has failed to carry his burden of proving he had ineffective assistance of counsel at trial, and his habeas petition should be denied on this issue.

**However, if Brydels has any evidence to support his claim of mental incompetence, he should present such evidence to the district judge with his objections to this Report and Recommendation.** To that end, Brydels will be given **SIXTY (60) DAYS** in which to file his objections and evidence.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Brydels' habeas petition be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), **the parties have sixty (60) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.** A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN SIXTY (60) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE, EXCEPT UPON GROUNDS OF PLAIN ERROR. *SEE DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, 79 F.3D 1415 (5TH CIR. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order

adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within sixty (60) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this _____ day of March 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

16